No. 4613.

Court of Appeal, Parish of Orleans.

McFADDEN-WEISS-KYLE RICE MILLING CO. VS.
DRANE & GARIC.

1. Where goods were sold on sample at a stipulated price, said sale to be finally consummated upon comparing the goods with the sample at destination, where the purchaser upon receipt of the goods and comparison with sample complains to the seller that they are not up to sample, and that he will not accept them unless a reduction is made in the price, and the seller immediately replies, agreeing, without reservation, to the reduction asked by the purchaser, he will not thereafter be heard to complain in an action to recover the allowance on the ground that the demand of the purchaser amounted to a threat and coercion, and that his acceptance was given to avoid serious financial loss.

2. The seller had his action against the purchaser for strict compliance with the contract, and if he choose to settle on the basis of compromise, making no timely reservation, he must abide by such compromise.

Appeal from Civil District Court, Division "D."

H. Kenner, for Plaintiff and Appellant.

Legier & Gleason, for Defendant and Appellee.

DUFOUR, J. Plaintiff domiciled in Beaumont, Tex., sold to defendant 1,160 pockets of rice for the sum of $3,839.63, sight draft bill of lading attached.

The rice had been bought on samples sent defendant by their agent at Beaumont. Before the arrival of the rice the defendants had in turn sold the rice on the samples in hand— upon the arrival of the rice it was found to be not up to sample, and defendant notified plaintiff of this condition, and refusing to accept the consignment unless an allowance of one-fourth of a cent per pound was made. Plaintiff accepted this proposition as the basis of a compromise, but instead of sending a new draft, handed defendant's agent $290 as stipulated by defendants, this being the aggregate of the one-fourth cent per pound allowance.

Plaintiff now seeks to recover from the defendant this amount, plus certain items for weighing and storage aggregating $354.35.

Plaintiff avers that the allowance was accepted by it in order to avoid serious financial loss and trouble, and that its acceptance was made under protest, that it was coerced into making the concession.

We cannot appreciate the position thus assumed by plaintiff.

The acceptance of defendant's conditions was by telegram in which plaintiff made no reservations or protest.

From our view of this controversy the question for determination is purely and simply, whether or not plaintiff agreed to accept for their goods a less price than that originally agreed upon and whether its action was voluntary. This, the record affirmatively indicates. Fraud is neither charged nor shown.

The record establishes that defendant's agent at Beaumont was without authority to buy outright at that point, but the sale was contingent on and to be consummated only upon delivery of the rice, and its comparison with the samples sent by the agent. The rice, not being up to sample, was weighed and stored at plaintiff's expense.

Plaintiff's conception of a "compromise" as suggested in the telegram to defendants, appears to be that it was an agreement which left the controversy open for further adjustment. Under this record we cannot look upon the transaction in that light. Plaintiff may have intended such a condition, but if so, it was unfortunate in its selection of the method adopted.

The compromise in this case was exactly what the word imports, *a settlement of differences by mutual consent,* and such a settlement as made in this case makes the transaction a closed one.

It is idle for plaintiff, under the circumstances, to term defendant's demand for a reduction on the price of the rice, "a hold-up."

Their action impresses us as being open, business-like, and not at all unusual.

The correspondence found in the record is shown to have been carried on after the differences between the parties had been definitely closed by the compromise.

Had plaintiff's position been invulnerable originally it could have maintained its right of action against the defendants to recover every farthing to which it was entitled under its contract, but when it choose to make certain concessions to the other

—146—

party and these without reservation, though perhaps not legally estopped, this Court will be prone to disturb or change such voluntary conventions. The defendants say that had any reservations been made they would not have taken the rice, and plaintiff, we must assume, accepted with that knowledge.

The authorities cited by plaintiff are not applicable to this case.

The judgment of the District Court was in favor of defendants, dismissing plaintiff's demand. We find no reason to disturb it, and it is accordingly affirmed.

February 8, 1909.

Rehearing refused March 8, 1909.

Writ refused by Supreme Court, April 14, 1909.